**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MICHAEL E. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00105-SNLJ |
| | ) |
| FLINT DEES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Michael E. Cox for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed plaintiff's prior filings in the United States District Court for the Eastern District of Missouri, the Court has determined that plaintiff, while incarcerated, has filed three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss his complaint without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated as a pretrial detainee at the Stoddard County Jail in Bloomfield, Missouri. (Docket No. 1 at 2). He brings this civil action pursuant to 42 U.S.C. § 1983, naming Detectives Flint Dees, Nicholas Schremp, and Bryan Dover

as defendants.¹ (Docket No. 1 at 2-3). All three are sued in both their official and individual capacities. Defendants are accused of false arrest and imprisonment.

In the "Statement of Claim," plaintiff asserts that on September 7, 2021, he "was at the pavilion on Williams [Street]," a place he went "everyday." (Docket No. 1 at 4). At approximately 8:30 p.m., he left the pavilion because "it was getting dark and [he] was on crutches" due to a previously-received bullet wound. Plaintiff states that he called for a ride and left. When he returned to the pavilion the next morning, he learned that an individual named Darryl Jordan had been "shot in the leg" and taken to the hospital. Plaintiff was arrested for this shooting, and charged with first-degree assault, armed criminal action, unlawful use of a weapon, and unlawful possession of a firearm.

According to plaintiff, he spent nine months in jail, mostly held without bond. He notes that at his preliminary hearing, the victim testified that plaintiff was not the shooter. Plaintiff also alleges that the victim said that defendants "lied on him" and that the victim "never told" defendants that plaintiff was the shooter.

Plaintiff acknowledges that Detective Dover testified at the preliminary hearing that Dover had spoken to the victim in the hospital, and that the victim had identified plaintiff as the shooter, leading to plaintiff's arrest. (Docket No. 1 at 5). However, he complains that Dover "had no body cam, no audio or video, no tape recorder, no statement form, [and] no photos for the victim to point [him] out…and circle it."

Detective Schremp also testified at the preliminary hearing that he went to the hospital and spoke with the victim, who told Schremp that plaintiff was the shooter. As with Detective Dover,

---

¹ In his complaint, plaintiff does not provide the first names of Detectives Schremp and Dover. After filing his complaint, plaintiff sent a letter discussing his account statement and supplementing the complaint. (Docket No. 3). In the supplement, he provides the full names of Schremp and Dover, which are utilized here.

plaintiff notes that Schremp had no "body cam, audio or video, tape recorder or statement for the victim to write, [and] no photo lineup." Thus, he concludes that the testimony of Detectives Dover and Schremp were "nothing but hearsay."

Plaintiff states that both Detective Dover and Detective Schremp told Detective Dees about the victim's identification of plaintiff as the shooter, leading to the filing of an arrest warrant. He admits that a separate witness also identified him as the shooter, but claims that the witness changed her story. (Docket No. 1 at 5-6). Following the preliminary hearing, plaintiff was bound over. (Docket No. 1 at 5). On July 29, 2022, plaintiff's criminal case was dismissed. (Docket No. 1 at 6).

Attached to the complaint are three exhibits, which the Court has reviewed and will treat as part of the pleadings.[2] The first exhibit is an affidavit purportedly authored by the victim, in which the victim states that plaintiff did not shoot him on September 7, 2021. (Docket No. 1-3 at 1). The affidavit also states that the victim was not threatened or promised anything, that the victim told Detective Quick and Detective Sullivan that plaintiff did not shoot him, and that the victim is not coming to court to "lie on" plaintiff.

The second exhibit consists of an email from Judge Zac Horack with the circuit court's findings from plaintiff's preliminary hearing. (Docket No. 1-3 at 2). In these findings, the circuit court notes that plaintiff and the victim had been in a "heated argument"; that the victim identified plaintiff as the shooter while at the hospital; that the victim retracted his statement in court,

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

claiming he had been intoxicated; and that an independent witness also identified plaintiff as the shooter.

The third and final exhibit is a witness statement dated February 14, 2022. (Docket No. 1-3 at 3). In the statement, the witness asserts that plaintiff and the victim were engaged in some kind of confrontation – with the victim pushing plaintiff several times – but that plaintiff left before the shooting.

Following the submission of his complaint, plaintiff filed a supplement in which he discussed his inmate account statement, and provided additional factual allegations, which the Court has reviewed. (Docket No. 3). Specifically, he asserts that Detective Schremp "lied to get the warrant" because Schremp "hates" plaintiff for plaintiff's refusal to "snitch." (Docket No. 3 at 1).

Attached to the supplement are three additional exhibits. The first consists of two incident reports, authored by Detectives Dover and Schremp respectively. Dover's report states that he interviewed the victim at the hospital, and that the victim reported that his brother had told him he was shot by plaintiff. (Docket No. 3 at 3). Dover also notes that this interview was captured by bodycam. Meanwhile, Detective Schremp's incident report states that Schremp talked to the victim at the hospital, after the victim regained consciousness, and that the victim told Schremp "to go arrest Michael Cox for shooting him." (Docket No. 3 at 4).

The second supplemental exhibit is a Sikeston Department of Public Safety Incident/Offense Report listing witnesses in plaintiff's case. (Docket No. 3 at 5).

The third and final supplemental exhibit is a report by Detective Dees that details the interview of an independent witness who identified plaintiff as shooting the victim. (Docket No. 3 at 7).

Based on these facts, plaintiff seeks $200,000 in punitive damages, $100,000 for false imprisonment, and $200,000 for pain and suffering. (Docket No. 1 at 7).

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, accusing three law enforcement officers of false imprisonment. Along with his complaint, he has filed a motion for leave to proceed in forma pauperis, seeking to commence this action without prepaying the required filing fee. While he has been incarcerated, however, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

### A. 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915, this Court may authorize the commencement of a civil action without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all such assets such prisoner possesses," and that indicates "that the person is unable to pay such fees." *See* 28 U.S.C. § 1915(a)(1). The Prison Litigation Reform Act, though, "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id*. at 541. For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

## B. Plaintiff's Previous "Strikes"

A review of this Court's files shows that plaintiff has accumulated at least three strikes. That is, plaintiff has filed at least three prior cases while incarcerated that were subsequently dismissed under 28 U.S.C. § 1915(e) for frivolousness, maliciousness, or failure to state a claim. For purposes of incarceration, the Court looks to plaintiff's status at the time he filed the action. *See Williams v. Scalletta*, 11 Fed. Appx. 677, 678 (8th Cir. 2001) (explaining that the term "prisoner…refers to the individual's status at the time the civil action is filed or appealed"). Below, the Court has set forth plaintiff's three strikes.

First, plaintiff filed a prisoner civil rights action against Officer Unknown Kym on May 11, 2015, while he was incarcerated at the Scott County Jail in Benton, Missouri. *Cox v. Kym*, No. 1:15-cv-83-ACL (E.D. Mo.). Plaintiff sought leave to proceed in forma pauperis, which was granted. On May 20, 2015, the case was dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff did not appeal.

6

Second, plaintiff filed a prisoner civil rights action under 42 U.S.C. § 1983 against public defenders Christopher Davis and Amy Commean on July 25, 2018. *Cox v. Davis, et al.*, No. 1:18-cv-185-RLW (E.D. Mo.). At the time of the filing, he was incarcerated at the Cape County Jail in Jackson, Missouri. As before, he filed a motion for leave to proceed in forma pauperis, which was granted. On September 5, 2018, the Court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's subsequent appeal was dismissed on November 2, 2018 for failure to respond to a court order. *Cox v. Davis, et al.*, No. 18-3010 (8th Cir. 2018).

Finally, plaintiff filed a prisoner civil rights action under 42 U.S.C. § 1983 against probation and parole officers Shelley Carter and Jennifer Shankle on January 17, 2020. *Cox v. Carter, et al.*, No. 1:20-cv-12-DDN (E.D. Mo.). When he filed the complaint, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. Along with his complaint, plaintiff submitted a motion for leave to proceed in forma pauperis, which was granted. Following initial review under 28 U.S.C. § 1915(e), the complaint was dismissed without prejudice for failure to state a claim on May 12, 2020. Plaintiff appealed, and the Court's judgment was summarily affirmed on November 6, 2020. *Cox v. Carter, et al.*, No. 20-2241 (8th Cir. 2020).

Recently, the Court recognized plaintiff as subject to the three-strikes provision, and denied him leave to proceed in forma pauperis in a prisoner civil rights case he filed from the Stoddard County Jail. *Cox v. Odom*, No. 1:22-cv-122-RLW (E.D. Mo. Sept. 29, 2022) (denying plaintiff's motion for leave to proceed in forma pauperis, and dismissing without prejudice pursuant to 28 U.S.C. § 1915(g)).

As explained above, plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g). All of these strikes were accumulated before plaintiff filed the instant action on August 8, 2022. Therefore, he cannot proceed in forma pauperis unless the imminent danger exception applies.

## C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. Furthermore, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

In this case, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. To the contrary, the complaint rests on a claim for false arrest and false imprisonment based on witness recantations, facts that do not implicate plaintiff's physical safety in any manner. There is no indication that any force was used in plaintiff's 2021 arrest, and certainly no suggestion that his past arrest puts him in imminent danger of impending harm in the present. Indeed, as plaintiff notes, the case for which he was arrested has been dismissed. This dismissal occurred before the filing of the instant action. In short, plaintiff has not established any physical injury whatsoever – serious or otherwise – or shown that any pattern of misconduct puts him in imminent danger of one. Because plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave

to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of October, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE