**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MICHAEL E. COX,                          )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )            No. 1:22-CV-105-SNLJ
                                         )
FLINT DEES, et al.,                      )
                                         )
                    Defendants.          )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reopen this matter. (ECF No. 18). The Court dismissed this action on October 14, 2022 under the three-strikes provision of 28 U.S.C. § 1915(e). (ECF No. 4). The Court will deny the motion for the reasons below.

Plaintiff does not cite a particular legal standard or rule for the relief sought. Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to "relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

     (1) mistake, inadvertence, surprise, or excusable neglect;

     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

     (4) the judgment is void;

     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). Rule 60(b) is not intended to be a vehicle for presentation of merit-based arguments previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Having reviewed the motion, the Court finds there is no basis for relief under Rule 60(b). Plaintiff does not identify any mistake, newly discovered evidence, fraud, or other reason that would justify the reopening of this matter. Thus, the Court will deny the motion. The Court notes, however, that nothing in this Order prohibits plaintiff from filing a new action under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen is **DENIED**. (ECF No. 18).

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE


Dated this 4th day of April, 2024.